Submitted on record and appellant's brief September 24, 1968,
affirmed April 16, 1969

## STATE OF OREGON, *Respondent, v.*
## BLAINE N. RIDDALL, *Appellant.*

453 P2d 664

Gary D. Babcock, Public Defender, and J. Marvin Kuhn, Deputy Public Defender, Salem, filed a brief for the appellant.

No appearance was made for the respondent.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

PERRY, C. J.

The defendant Blaine N. Riddall was convicted of the crimes of assault with a dangerous weapon and of being a prisoner in possession of a dangerous weapon. From these judgments he appeals.

Defendant contends that due process was violated when the trial court denied him the right to subpoena witnesses.

As to this issue, the record discloses that the defendant was represented by counsel. Just prior to trial, all counsel and defendant were present in the judge's chambers and the following occurred:

"MR. RIDDALL: Am I allowed the power of subpoena?

"THE COURT: Power of subpoena, yes, through counsel.

"MR. RIDDALL: I have not had except one person, I am not sure if he has been subpoenaed or not, but I had a couple of other persons that I'd liked to have talked with and had my counsel talk with concerning the matter.

"THE COURT: Well you want[ed] to subpoena McIntire, didn't you?

"MR. RIDDALL: Yes, he was one of them.

"THE COURT: Well, the Court will sign an order having Mr. McIntire—your attorney was up here this week, earlier, while I was trying another case and on his motion, I signed an order having McIntire brought back down here to testify * * * ."

No further requests were made by defendant or his counsel during the course of the trial for the production of witnesses.

The record discloses that defense counsel had visited defendant on two prior occasions at the state

prison where he was confined. Also, that counsel had corresponded with defendant. Had there been a witness who could have testified to any material and relevant matters at the trial, we feel sure that this fact would have been brought to the attention of counsel by defendant and a further showing made by counsel. Also, that the able trial judge, on a proper showing, would have postponed the trial and provided for the compulsory attendance of witnesses.

Even in this court, the defendant does not contend that the person or persons who he thought he might wish to subpoena could have testified to any material or relevant facts.

Since there is no showing of any kind that the defendant was or could be prejudiced, we find no merit in defendant's assignment.

The judgment is affirmed.